IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY L. BAXTER,           ) | No. C 07-1032 JSW (PR) |
| Petitioner,    ) | |
| vs.                         ) | **ORDER TO SHOW CAUSE** |
| T. FELKER, Warden,          ) | (Docket No. 2) |
| Respondent.   ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at High Desert State Prison in Susanville, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. Therefore, his motion to proceed *in forma pauperis* is DENIED as moot (docket no. 2). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was sentenced to 66 years-to-life in state prison after a jury trial in Alameda County Superior Court in which he was convicted of second degree murder, two firearm enhancements, attempted murder with a firearm enhancement, and possession of a weapon by an ex-felon. Petitioner appealed his conviction to California Court of Appeal, which denied the appeal in 2005. The Supreme Court of California denied his petition for review in 2006. The instant federal habeas petition was filed on February 20, 2007.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition raises the following ground for relief: 1) jury selection was tainted by the prosecutor's exclusion of jurors based on race, in violation of Petitioner's Sixth Amendment rights; 2) a witness' out-of-court testimonial statements were admitted in violation of Petitioner's due process and confrontation rights; 3) the facts of Petitioner's prior conviction were improperly admitted in violation of his due process rights; 4) cumulative errors by the trial court violated Petitioner's due process rights; 5) improper admission of evidence of Petitioner's character for violence in violation of his rights to due process and a fair trial; and 6) prosecutorial misconduct and ineffective assistance of trial counsel. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)**

days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: July 26, 2007

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KERRY L BAXTER,

        Plaintiff,

  v.

T FELKER et al,

        Defendant.

Case Number: CV07-01032 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kerry L. Baxter
V17238
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: July 26, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk